UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSIN-SHAWN C. SHENG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC.; ALAW; and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | No. 2:15-cv-0255-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

　　Plaintiff Hsin-Shawn Sheng ("Plaintiff") sued her mortgage servicer, Select Portfolio Servicing ("Defendant SPS"), alleging that it mishandled her loan modification application, thereby depriving her of the opportunity to be considered for a modification. She seeks to enjoin her servicer and trustee, Defendant ALAW, from foreclosing on her property. Defendants move to dismiss each of four causes of action, asserting that Plaintiff's claims fail as a matter of law. The Court grants the motions in part and denies them in part.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 1, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff took out a mortgage on her property with Washington Mutual in 2007.  Compl. ¶ 21.  Within two years, she fell into financial difficulty and defaulted on her loan.  Compl. ¶ 23.  In May 2014, a notice of trustee's sale was recorded on the property.  Defendant's RJN Exh. 14.  In July, Plaintiff's loan servicer – Defendant SPS - "invited Plaintiffs [sic] to apply for a first-lien loan modification[.]"  Compl. ¶¶ 2, 27.  Plaintiff alleges that she timely submitted all required documents to be considered for the modification.  Compl. ¶¶ 28-29.

But, Plaintiff alleges, Defendant did not timely acknowledge or respond to Plaintiff's submissions.  Compl. ¶ 29.  Instead, SPS sent numerous letters over the next two months asking for "different 'missing document[s]' that Plaintiff had already submitted previously."  Compl. ¶ 30.  Plaintiff complied by resubmitting these documents.  Compl. ¶¶ 31-33.

In mid-August, Plaintiff received a letter stating that SPS had reviewed her "complet[e]" application and thanked her for "submitting all required documentation."  Compl. ¶ 67.  Yet the next paragraph of the letter stated that SPS could not offer a loan modification because "you did not provide us with the documents we requested."  Id.

In September, Plaintiff had a phone conversation with an employee of SPS, in which he stated that one document was still missing.  Compl. ¶ 34.  The next day, Plaintiff spoke with a different employee who told her to "disregard" everything that anyone from SPS had previously told her, and to submit an

2

entirely new application. Compl. ¶ 36. Plaintiff again complied. Compl. ¶ 37.

In October, Defendant SPS appeared to be evaluating Plaintiff's most recently submitted application. See Compl. ¶¶ 43-46. SPS sent Plaintiff a letter stating that "while we [SPS] are awaiting the additional information, your account will not be referred to foreclosure, nor will it be sold at foreclosure sale if the foreclosure process has already been initiated." Compl. ¶ 48. The letter also asked for another "missing document." Compl. ¶ 47. Plaintiff complied by resending the document. Compl. ¶ 49.

The trustee's sale was scheduled for November 25, 2014, but has not yet occurred. See Compl. ¶¶ 51-52.

In December, Plaintiff sued Defendant SPS and the trustee named on the notice of trustee's sale, ALAW,[2] in Placer County Superior Court. Her complaint for injunctive relief and damages (Doc. #2) asserts four causes of action: two violations of the Homeowner Bill of Rights ("HBOR"), promissory estoppel, and negligence. Defendants removed the case on the basis of diversity and Defendant SPS moved to dismiss (Doc. #6). Defendant ALAW filed a motion entitled "Joinder," in which it adopted Defendant SPS's arguments for dismissal and also sought dismissal on independent bases (Doc. #7). The motions were dismissed for failure to comply with the Court's standing order (Doc. #9). Defendants then refiled their motions in compliance with that order (Docs. #10-11). The Court has considered

---

[2] If ALAW is an acronym, Plaintiff does not provide the full name of this Defendant in her complaint.

1 Plaintiff's previously filed opposition (Doc. #8) as well as her
2 updated opposition (Doc. #12) and Defendant SPS's reply filed
3 July 1, 2015 (Doc. #16).

## II.  OPINION

### A.  Judicial Notice

Defendant SPS seeks judicial notice of sixteen documents (Doc. #10-1).  Each was recorded in the Placer County Recorder's Office.  Because these documents are in the public record and are not subject to reasonable dispute, the Court takes judicial notice.  See Fed. R. Evid. 201; Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689 (9th Cir. 2001).

### B.  Analysis

#### 1.  First Cause of Action: Dual Tracking

Plaintiff first alleges that Defendants violated the dual tracking provision of HBOR.  That provision prohibits "record[ing] a notice of default or notice of sale, or conduct[ing] a trustee's sale, while [a] complete first lien loan modification application is pending."  Cal. Civ. Code § 2923.6(c).

Defendants argue that this cause of action fails because Plaintiff did not initiate her application for a loan modification until July 2014 – two months after Defendants recorded the notice of sale.  Mot. at 5.  Plaintiff does not dispute this timing, but instead counters that dual tracking occurred when Defendant SPS's employee "stated it would carry out the sale eventually."  Opp. at 9:12.  The parties also dispute

1  whether the application was ever "complete" for purposes of the
2  statute.  See Mot. at 4-7; Opp. at 8-9.
3      The plain terms of the statute foreclose Plaintiff's theory,
4  because Defendants did not record a notice, or conduct a sale,
5  after July.  Defendants recorded the notice of trustee's sale in
6  May, see Defendant's RJN Exh. 14, then Plaintiff filed her
7  application (assuming for the moment that it was complete)
8  sometime in July or August, see Compl. ¶¶ 27-33.  Because
9  recordation occurred before Plaintiff submitted any application,
10 Defendant did not "record a notice of default or . . . sale"
11 while Plaintiff's application was pending.  Nor did Defendants
12 "conduct a trustee's sale."  See Compl. ¶ 51 (stating that sale
13 has not yet occurred).  Plaintiff's claim therefore does not fall
14 within the terms of the statute.  Indeed, other courts agree that
15 simply scheduling or rescheduling a sale does not violate the
16 dual tracking provision.  See Johnson v. SunTrust Mortg., Inc.,
17 2014 WL 3845205, at *5 (C.D. Cal. Aug. 4, 2014) ("Plaintiffs
18 allege only that a sale remained scheduled, but this is not
19 barred by Section 2923.6(c).") (citations omitted); McLaughlin v.
20 Aurora Loan Servs., LLC, 2014 WL 1705832, at *6 (C.D. Cal. Apr.
21 28, 2014) ("[Plaintiff] now argues that even scheduling the sale,
22 though the notice was never recorded, violated the HBOR's
23 prohibition on 'conducting a trustee's sale[.]'  . . . [T]his
24 argument is without merit and not supported by the statutory
25 language.") (citation omitted).
26     Plaintiff cites one case to the contrary.  See Opp. at 9:13-
27 14.  The Court refuses to rely on it, as it is an apparently
28 unpublished order from Sacramento County Superior Court that

Plaintiff has not provided to the Court.  See E.D. Cal. L.R. 133(i)(3)(i).

Plaintiff's claim therefore fails even assuming that Plaintiff submitted a complete application.  The Court dismisses her first cause of action.

### 2. Second Cause of Action: Acknowledgement of Documents

Plaintiff's second claim alleges that Defendant SPS violated HBOR by failing to "provide written acknowledgement of the receipt of documentation within five business days of receipt." Cal. Civ. Code § 2924.10(a).  A mortgage services must provide such acknowledgement "[w]hen a borrower submits a complete first lien modification application or any document in connection with a first lien modification application."  Id.  Acknowledgement must include:

> (1) A description of the loan modification process, including an estimate of when a decision on the loan modification will be made after a complete application has been submitted by the borrower and the length of time the borrower will have to consider an offer of a loan modification or other foreclosure prevention alternative.
> (2) Any deadlines, including deadlines to submit missing documentation, that would affect the processing of a first lien loan modification application.
> (3) Any expiration dates for submitted documents.
> (4) Any deficiency in the borrower's first lien loan modification application.

Id.

6

Defendant argues that Plaintiff has not shown that any violation of the statute was "material." Mot. at 7. Defendant suggests that Plaintiff knew what she needed to do to complete her application, so any failure to acknowledge documents was not material. See id. Plaintiff argues that the violation was material in that Defendant's compliance would have allowed her to complete her application to Defendant's specifications at an earlier time. Opp. at 11.

Plaintiff is only entitled to the injunctive relief that she seeks if she shows that the violation of section 2924.10 was "material." Cal. Civ. Code § 2924.12(a)(1). Courts have interpreted the term material to refer to whether the violation affected the loan modification process. See, e.g., Gonzales v. Citimortgage, Inc., 2015 WL 3505533, at *6 (N.D. Cal. June 3, 2015); Fink v. Wells Fargo Bank, N.A., 2015 WL 2438120, at *5 (N.D. Cal. May 21, 2015).

Taking the facts in the light most favorable to Plaintiff, the violation alleged here did affect her loan modification process. Plaintiff alleged that she submitted numerous documents to Defendant for which she belatedly or never received acknowledgement. Compl. ¶¶ 32, 34, 66. And the information she eventually received from Defendant allegedly did not include the four pieces of information required by the statute. Compl. ¶ 70. This information is integral to the loan modification process, as it informs the borrower about the process, the required documents, the timeline, any "deficiency" in the application as submitted, and any deadlines. See Cal. Civ. Code § 2924.10(a)(1)-(4). Plaintiff alleges that if she had timely

received this information, she could have more quickly and thoroughly responded to it.  In fact, the main difficulty in Plaintiff's application was determining whether the application was complete and how to complete it.  Because Defendant's alleged violation affected Plaintiff's loan modification process, it was a material violation.

Defendant's reply goes further, suggesting that Plaintiff has not stated any violation, because the complaint supposedly shows that Defendant responded properly.  Reply at 2-3.  Defendant simply quotes three paragraphs of the complaint and states, "The timeline *actually* alleged by Plaintiff demonstrates that SPS did not breach [section] 2924.10[.]"  Reply at 3:3-4.  Plaintiff's complaint cannot be used to defeat its own allegations. Defendant's motion to dismiss this claim is denied.

3.   Third Cause of Action: Promissory Estoppel

Defendant SPS argues that Plaintiff has not alleged detrimental reliance to support her promissory estoppel claim.  Mot. at 8.  Plaintiff states that she relied on Defendant's promise to postpone foreclosure until it received her loan modification application.  Opp. at 11.  This reliance was detrimental, according to Plaintiff, because it led her to not "retain[] counsel [or] seek[] injunctive relief at an earlier time."  Id.

The doctrine of promissory estoppel provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."  Jones v.

8

1   Wachovia Bank, 230 Cal.App.4th 935, 944 (2014).  A plaintiff must
2   demonstrate (1) a clear and unambiguous promise; (2) reliance by
3   the promisee; (3) the reliance was reasonable and foreseeable;
4   and (4) the plaintiff was injured by her reliance.  US Ecology,
5   Inc. v. State, 129 Cal.App.4th 887, 901 (2005).  "Detrimental
6   reliance requires a showing that plaintiff has undertaken a
7   sufficient change of position in reliance on defendant's
8   promise."  Panaszewicz v. GMAC Mortgage, LLC, 2013 WL 2252112, at
9   *5 (N.D. Cal. May 22, 2013) (citations and quotation marks
10  omitted).

11       The Court agrees with Defendant that Plaintiff has not shown
12  detrimental reliance.  First, Plaintiff's argument that her
13  allegations show that she relied on Defendant's promise lacks
14  merit.  Defendant made its alleged promise to delay foreclosure
15  in a letter dated October 13, 2014.  Compl. ¶¶ 48, 80.  Plaintiff
16  states that she relied on this promise by choosing not to retain
17  counsel or seek an injunction.  But within two months, Plaintiff
18  had done exactly these things: she retained counsel and filed
19  this action to enjoin a sale of her property.  Taking these
20  actions shortly after she was allegedly deterred from taking them
21  belies Plaintiff's claim of reliance.

22       Even if she did rely on the promise for that two month
23  period, not having counsel did not change her position.  Indeed,
24  the feared injury did not occur: the property was not sold.  She
25  was able to bring this action in a similar position to where she
26  was two months earlier.

27       Because Plaintiff's reliance – if any – did not result in a
28  detrimental change of position, the third cause of action fails.

1  ///

2              4.    Fourth Cause of Action: Negligence

3       Defendant argues that Plaintiff's final cause of action
4 should be dismissed because it does not adequately allege duty,
5 breach, causation, or damages.  Mot. at 9-10.  This argument
6 fails because it ignores recent developments in the law and
7 mischaracterizes Plaintiff's claim, which adequately states a
8 negligence cause of action.

9       To state a claim for negligence, Plaintiff must show (1) a
10 legal duty, (2) breach of that duty, and (3) proximate cause
11 between the breach and (4) the plaintiff's injury.  Mendoza v.
12 City of L.A., 66 Cal. App. 4th 1333, 1339 (1998).  "The existence
13 of a legal duty to use reasonable care in a particular factual
14 situation is a question of law for the court to decide."  Bowman
15 v. Wells Fargo Home Mortg., 2014 WL 1921829, at *6 (N.D. Cal. May
16 13, 2014) (citation omitted).

17       SPS asserts it did not have a duty of care because "it was
18 not asked to do anything outside of the ordinary course of its
19 duties as loan servicer[.]"  Mot. at 9:17-18.  Defendant cites
20 Nymark v. Heart Federal Saving & Loan Association, 231 Cal.App.3d
21 1089 (1991) and Shepherd v. American Home Mortgage Services,
22 Inc., 2009 WL 4505925 (E.D. Cal. Nov. 20, 2009).  But Defendant's
23 argument ignores the developments in this area of law over the
24 past six years, in which courts have increasingly established a
25 duty for loan servicers who agree to consider a borrower's loan
26 modification application.[3]  See Banks v. JPMorgan Chase Bank,

---

27
28 [3] In reply, Defendant does not even respond to the more recent cases cited by Plaintiff, but rather parrots its earlier argument

N.A., 2014 WL 6476139, at *12 (C.D. Cal. Nov. 19, 2014) ("[Recent California cases] support the conclusion that servicer conduct during the modification negotiation process may create a special relationship and a resulting duty of care[.]").

Although the law remains unsettled in California, this Court agrees with those cases finding a duty in processing a loan application. See, e.g., Meixner v. Wells Fargo Bank, N.A., 2015 WL 1893514, at *10 (E.D. Cal. Apr. 24, 2015) (discussing cases holding that a special relationship arises when a loan servicer agrees to consider a borrower's loan modification); Johnson v. PNC Mortg., 2015 WL 662261, at *4 (N.D. Cal. Feb. 12, 2015) ("The California Court of Appeals has [] held that, particularly in light of HBOR, once a mortgagee undertakes to consider a loan-modification request, it owes the borrower a duty to use reasonable care in handling that request.") (citation omitted); Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal.App.4th 941, 949-50 (2014) (imposing a duty based on "borrower's lack of bargaining power" in seeking loan modification, the fact that "[b]orrowers cannot pick their servicers or fire them," and allegations that defendants had violated specific provisions of HBOR). Therefore, once SPS agreed to consider Plaintiff for a loan modification in July 2014, it had a duty to handle her application with reasonable care.

Defendant's other arguments as to breach, causation, and damages mischaracterize Plaintiff's allegations. For example, Plaintiff did not allege that Defendant breached its duty by

---

from the original motion and again cites Nymark and Shepherd. See Reply at 4.

1   "failing to give [her] a loan modification," Mot. at 9:27-28 –
2   and the alleged injury was not Plaintiff's original default, see
3   Mot at 10:12-13.  Rather, Plaintiff alleges that Defendant agreed
4   to consider her loan modification application, then violated HBOR
5   by failing to "timely address or respond" to it.  She alleges
6   that Defendant belatedly followed up with confusing and
7   contradictory information regarding whether the application was
8   complete, what needed to be done to make it complete, whether the
9   application had been denied or was still being considered, and
10  whether and how Plaintiff could resubmit or renew her
11  application.  This mishandling – between July and October 2014 -
12  allegedly caused Plaintiff to lose the "opportunity to have her
13  loan modified sometime in early in [sic] September[.]"  Compl.
14  ¶ 85.  These allegations are adequate.  See Shapiro v. Sage Point
15  Lender Servs., 2014 WL 5419721, at *9 (C.D. Cal. Oct. 24, 2014)
16  (denying motion to dismiss because "Plaintiff [] alleged he
17  received contradictory information from RCS, that an RCS
18  representative told him his documents had been received and his
19  application was being considered when it was later denied because
20  of missing documents, and that RCS failed to ever notify him
21  which documents were missing"); Alvarez, 228 Cal.App.4th at 951
22  (stating that loss of the opportunity to obtain a loan
23  modification is an adequate damages allegation).
24      Because the complaint alleges facts satisfying each element
25  of negligence, the Court denies Defendant's motion as to this
26  claim.
27          5.   Defendant ALAW
28      Plaintiff named Defendant ALAW in only one cause of action.

1  The Court dismisses that cause of action – the first cause of
2  action – for the reasons stated above.  Defendant ALAW is
3  therefore dismissed from this case, and the Court does not reach
4  ALAW's further arguments about whether liability can attach to a
5  trustee.

### III.  ORDER

   For the reasons set forth above, the Court GRANTS Defendant
SPS's motion to dismiss as to Plaintiff's first and third causes
of action.  The dismissal of these claims is with prejudice as
any further amendment would be futile.  The Court DENIES all
other aspect of SPS's motion to dismiss.  Defendant ALAW's motion
is GRANTED, and ALAW is hereby dismissed from this case.
    This case will proceed against SPS on the second and fourth
causes of action. SPS must file its Answer within twenty days of
this Order.
    IT IS SO ORDERED.

Dated: July 24, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE